UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MIKE SWAFFORD, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>PRISON HEATH SERVICES, *et al.*, )<br>)<br>Defendants ) | CAUSE NO. 3:06-CV-329 RM |

OPINION AND ORDER

Mike Swafford, a prisoner confined at the Indiana State Prison, submitted a complaint under 42 U.S.C. § 1983 alleging that Prison Health Services, Inc. ("PHS"), David Hager, Eke Kalu, M.D., Karla Foster, and Michael Mitcheff M.D., violated his federally protected rights. He has filed an amended complaint that dropped defendant Foster and added Correctional Medical Services ("CMS") and Dr. Richmond as defendants.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some

>person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Swafford brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Swafford requests that he be allowed to maintain this case as a class action with himself as lead plaintiff. (Amended Complaint at p. 15). "Under Rule rule 23(a)(4), a class action representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." Fymbo v. State Farm, 213 F.3d 1320, 1311 (10th Cir. 2000) (citations and quotation marks omitted). "Every court that has considered the issue has held that a

prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." Caputo v. Fauver, 800 F.Supp. 168, 170 (D. N.J. 1992) (citations omitted).

Mr. Swafford alleges that the defendants denied him medical treatment in violation of the Constitution's Eighth and Fourteenth Amendments. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments; the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). Because Mr. Swafford was a convicted felon when these incidents occurred, the court will consider his claims under the Eighth Amendment and dismiss his Fourteenth Amendment claims.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Eighth Amendment principles prohibit prison officials "from intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Gil v. Reed, 381 F.3d 649, 664 (7th Cir. 2004).

In his amended complaint's first cause of action, Mr. Swafford alleges that Dr. Kalu and Prison Heath Services denied him medical treatment for hepatitis C on January 5, 2005, when Dr. Kalu refused to fill a valid prescription issued from a liver specialist to perform a liver biopsy and refused to treat his liver disease. In his second cause of action, Mr.

3

Swafford alleges that Mr. Hager and PHS denied him treatment on December 10, 2004, when Mr. Hager refused to fill a valid prescription. In his third cause of action, Mr. Swafford alleges that Dr. Mitcheff and PHS denied him treatment. Mr. Swafford states that when he filed a grievance, Dr. Mitcheff responded that he would prescribe treatment for his Hepatitis C as soon as the blood test results arrive. Mr. Swafford alleges that even after the blood tests came back, Dr. Mitcheff did not treat him.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. at 73. Mr. Swafford alleges that he has Hepatitis C, and that defendants Kalu, Hager, and Mitcheff refused to treat him or interfered with prescribed treatment. Giving Mr. Swafford the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no Eighth Amendment claim against them.

A corporation may be a "person" for purposes of 42 U.S.C. § 1983 when acting as the alter ego of a state. Ancata v. Prison Health Services, 769 F.2d 700 (11th Cir. 1985) (corporation acting on behalf of a county is a person.); Comtronics, Inc. v. Puerto Rico Tel., 409 F.Supp. 800, 806 (corporation is a person.); and Croy v. Skinner, 410 F.Supp. 117, 123 (D. Ga. 1976) (corporation is a person.). Cf Eddy v. Virgin Islands Water and Power Authority, 955 F. Supp. 468, 477 (D. V.I. 1997) (corporation acting on behalf of a state is not a person). But Mr. Swafford does not allege that Dr, Kalu, Dr. Mitcheff, or Mr. Hager made decisions concerning his medical treatment based on PHS corporate policy. Prison Health Services cannot remain as a defendant based only on the actions of its employees because

4

the doctrine of respondeat superior has no application to § 1983 action. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

In his fourth cause of action, Mr. Swafford alleges that on March 29, 2006, prison medical staff sent an order for the drug arrance to Dr. Richmond and CMS for approval, but that he did not receive approval until April 14. These defendants did not deny Mr. Swafford care, and that it may have taken a little over two weeks to approve a specific treatment does not constitute deliberate indifference to his serious medical needs. "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997).

In his fifth cause of action, Mr. Swafford alleges that CMS violated the Eighth Amendment "by understaffing the regional office . . . and the hospital at the Indiana State Prison." (Amended Complaint at p. 12), causing delays in scheduling testing, processing lab work, and issuing prescriptions. He asserts that CMS officials' conduct was "reckless."

Deliberate indifference is comparable to criminal recklessness, Farmer v. Brennan, 511 U.S. at 837, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992), citing McGill v. Duckworth, 944 F.2d at 347. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1986). Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. McNeil v. Lane, 16 F.3d 123, 124 (7th Cir.

5

1994). "To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his) welfare in the face of serious risks." McNeil v. Lane, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted).

The amended complaint's allegations do not suggest that CMS officials were deliberately indifferent to Mr. Swafford's welfare when they established medical staffing levels at the central office and at the Indiana State Prison. It is not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000). The Eighth Amendment does not entitle a prisoner "to the best care possible." Forbes v. Edgar, 112 F.3d at 267.

In his sixth cause of action, Mr. Swafford alleges that PHS and CMS violated the Constitution's First, Eighth, and Fourteenth Amendments because they "have not developed an appeal process for the appeal of medical complaints from the Indiana State Prison." (Amended Complaint at p. 14). Mr. Swafford states that "the defendants . . . know they accept all the dutys (sic) of the prison, including the duty to establish a grievance system, yet they have made no effort to do so." (Amended Complaint at p. 15).

The Constitution, however, does not require that prison officials establish a grievance procedure. Jones v. Brown, 300 F.Supp.2nd 674, 679 (N.D. Ind. 2003). When prison officials ignore a prisoner's grievance it does not violate the Fourteenth Amendment's due process clause. Wilson v. VanNatta, 291 F.Supp.2d 811, 819 (N.D.Ind. 2003). Accordingly, even if PHS and CMS officials were responsible for establishing a medical grievance procedure and failed to do so, it states no claim upon which relief can

6

be granted. Failure to establish a grievance procedure may, however, preclude the defendants from relying on 42 U.S.C. § 1997e(a), which requires prisoners to exhaust any available institutional grievance procedure before they may file a § 1983 claims regarding conditions of confinement,to obtain the dismissal of this complaint. Wilson v. VanNatta, 291 F.Supp.2d at 820.

Finally, Mr. Swafford asks the court to assume supplemental jurisdiction over state law claims. He specifically asserts that he has an "Indiana State law corrupt business influence claim because the defendants have seized his medical treatment on at least four occasions without his consent or legal authority to do so." (Amended Complaint at p. 15). The court will dismiss the supplemental state law claims because nothing in the amended complaint states a claim against these defendants for "corrupt business influence."

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants David Hager, Eke Kalu, and Michael Mitcheff in their personal capacities for damages and in their official capacities for injunctive relief on his Eighth Amendment claims in causes of action one, two, and three that they were deliberately indifferent to his serious medical needs;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A(b)(1), defendants Richmond, Prison Health Services, Inc., and Correctional Medical Services, Inc., and DISMISSES all claims other than the Eighth Amendment claims against defendants Hager, Kalu, and Mitcheff;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that, upon service of process upon them, defendants Hager, Kalu, and Mitcheff are to respond to the amended complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendants Hager, Kalu, and Mitcheff, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and amended complaint

SO ORDERED.

ENTERED: December  4 , 2006

      /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court