UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MIKE SWAFFORD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-329 RM |
| | ) | |
| PRISON HEALTH SERVICES, INC., *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Mike Swafford submitted a complaint under 42 U.S.C. § 1983, alleging that Prison Health Services, Inc., and several medical staff members at the Indiana State Prison violated his federally protected rights. This case is before the court on his amended complaint. The court screened the amended complaint pursuant to 28 U.S.C. § 1915A, and allowed Mr. Swafford to proceed against defendants David Hager, Eke Kalu, and Dr. Michael Mitcheff, M.D., on his Eighth Amendment claim that they were deliberately indifferent to his serious medical needs. The court dismissed several defendants and all other claims. The court later dismissed defendants Hager and Kalu pursuant to FED. R. CIV. P. 4(m) because the Marshals Service was unable to serve them with process. The remaining defendant, Dr Mitcheff, has moved for summary judgment pursuant to FED R. CIV. P. 56; Mr. Swafford has not responded. For the reasons that follow, the court grants Dr. Mitcheff's summary judgment motion.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

> judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.
>
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Ranochakio Corp., 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

Mr. Swafford alleges that Dr Mitcheff was deliberately indifferent to his serious medical needs by "refusing to order the service of a liver specialist to perform a mandatory biopsy and administer treatment for Mr. Swafford's deadly liver disease." (Amended Complaint at p. 7). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). "Under the Eighth Amendment, [a plaintiff] is not entitled to specific care . . . [or] . . . entitled to the best possible care."

2

Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). Negligence or medical malpractice do not constitute deliberate indifference, Estelle v. Gamble, 429 U.S. at 106, and a mere disagreement with a physician over a course of medical treatment states no claim under § 1983 Brownlow v. Chavez, 871 F.Supp. 1061, 1064 (S.D.Ind. 1994). Even medical malpractice and incompetence state no claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000).

In his motion for summary judgment, Dr. Mitcheff asserts that his submissions establish that he "was not deliberately indifferent to any serious medical need of Plaintiff Mike Swafford." (Docket #31). He also asserts that Mr. Swafford has not produced any evidence in support of his contention that Dr. Mitcheff was deliberately indifferent and injured him, "nor can he do so." (Docket # 32 at p. 5).

In support of his motion for summary judgment, Dr. Mitcheff submits the affidavit of Gerald Myers, M.D., and a copy of the surgical pathology report dealing with Mr. Swafford's liver biopsy. Dr. Myers states that he is a doctor at the Indiana State Prison, who has seen Mr. Swafford for his Hepatitis C condition. According to Dr. Myers, Mr. Swafford underwent a liver biopsy in March 2007. Dr. Myers further states that "based on the biopsy results and the extremely slow rate of fibrosing of Mr. Swafford's liver as a result of his Hepatitis C, it would not be within the standard of care to necessarily provide treatment to him for Hepatitis C at this time because of the unlikelihood of Mr. Swafford's developing cirrhosis of the liver in the near future." (Docket #31-1, exhibit A). According to Dr. Myers, Mr. Swafford has suffered no harm from non-treatment because the liver tends to exhibit self-repair, and that "any delay in ordering a liver biopsy or treating Mr. Swafford's

3

Hepatitis C would have no effect on his health and would cause no further damage." (Docket #31-1, exhibit A).

Dr. Mitcheff's summary judgment motion pointed out facts and law that would keep Mr. Swafford from succeeding on his claim that Dr. Mitcheff was indifferent to his Hepatitis C by denying him a necessary diagnostic test and needed treatment. Dr. Mitcheff also provided Mr. Swafford with a notice that informed him of the method and importance of responding to his summary judgment motion, citing Timms v. Frank, 953 F.2d 281, 285-86 (7th Cir. 1992) and Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982). (Docket #33). But despite the warning contained in Dr. Mitcheff's notice, Mr. Swafford has not submitted sworn testimony or other admissible evidence contesting Dr. Mitcheff's submissions.

Because Dr. Mitcheff met his initial obligation under FED. R. CIV. P. 56, the burden fell upon Mr. Swafford to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether Dr. Mitcheff was deliberately indifferent to his serious medical needs. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). When a non-moving party does not make such a showing, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 884 (1990), citing Celotex Corp. v. Catrett, 477 U.S. at 323. Because Mr. Swafford has not submitted admissible evidence contesting Dr. Mitcheff's request for summary judgment, he has not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow a factfinder to decide in his favor the question of whether Dr. Mitcheff

4

was deliberately indifferent to his serious medical needs.

For the foregoing reasons, the court GRANTS defendant Mitcheff's motion for summary judgment (docket #31), and DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff.

SO ORDERED.

ENTERED: February 28 , 2008

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court